2. STREET RAILROADS, § 133*—*when negligence in operation is question for jury.* It is a question for the jury whether a street railroad company is guilty of negligence in the operation of its car resulting in the striking of a person who is standing at the side of the wagon near the track with his back towards the approaching car and is engaged with another person in tying on the load, where it appears that the accident occurred near a street intersection, that the car was moving fast at the time such person was struck and that the day was clear; that there were no obstructions that in any way limited the power and opportunity of the motorman to see such person where he was engaged at his work about the wagon, and that no bell was rung or warning given by the motorman or other persons in charge of the car of its approach to such street intersection.

---

William C. Miller and Alfred Hall, copartners, trading as Miller & Hall, Defendants in Error, v. Joseph Burns, Plaintiff in Error.

### Gen. No. 22,317.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Action by William C. Miller and Alfred Hall, copartners, trading as Miller & Hall, plaintiffs, against Joseph Burns, defendant, to recover for services as architects in making plans, drawings and specifications and taking cost estimates for making certain alterations in defendant's store premises. From a judgment for plaintiff for $110, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ALBERT H. FRY, for plaintiff in error.

ARTHUR A. BASSE, for defendants in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

ARCHITECTS AND ENGINEERS, § 16*—*when evidence sufficient to sustain judgment for plaintiffs in action to recover for services.* In an action by architects to recover for services in making plans, drawings and specifications and in taking cost estimates for making certain alterations in defendant's store premises, evidence *held* sufficient to sustain a judgment for plaintiffs.

---

### W. A. L. Schaefer, Appellant, v. Benjamin G. Elser et al., Appellees.

### Gen. No. 22,446.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed December 18, 1916.

### Statement of the Case.

Bill by W. A. L. Schaefer, a corporation, complainant, against Benjamin G. Elser *et al.*, defendants, to foreclose a mechanic's lien against certain real estate of defendant Elser. From a decree modifying the master's report in which the complainant was allowed the full amount of its claim, complainant appeals, and defendant Elser assigns cross error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.